UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

       - against -                       Cr. No. 05-457 (ARR)

GLENN MARCUS,
               Defendant.

- - - - - - - - - - - - - - - - - -X

### THE DEFENDANT'S REQUESTS TO CHARGE

SERCARZ & RIOPELLE, LLP
Carnegie Hall Tower
152 W 57 Street
New York, N.Y. 10019

Maurice H. Sercarz
Julia L. Gatto

<u>REQUEST NO. 3</u>

<u>Count One: Sex Trafficking - Elements</u>

Count One of the Indictment charges the defendant with sex trafficking by force, fraud or coercion in violation of 18 U.S.C. § 1591.  The relevant language of Section 1591 provides that:

>    Whoever knowingly–
>
>    (1)    in or affecting interstate commerce, recruits, entices, harbors, transports, provides, or obtains by any means a person; or knowing that force, fraud, or coercion ... will be used to cause the person to engage in a commercial sex act [shall be guilty of an offense against the United States.]

To find a defendant guilty of sex trafficking by force, fraud, or coercion, you must find that the government has proven each of the following elements beyond a reasonable doubt:

<u>First</u>, (a) that the defendant knowingly recruited, enticed, harbored, transported, provided or obtained a person;

<u>Second</u>, that the recruitment, enticement, transportation, provision or obtaining of the person affected interstate commerce; and

<u>Third</u>, that the defendant knew that force, fraud, or coercion would be used to cause the person to engage in a commercial sex act.

<u>REQUEST NO. 4</u>

<u>Sex Trafficking – First Element: Prohibited Conduct</u>

The first element of the sex trafficking charge requires that the defendant knowingly recruited, enticed, harbored, transported, provided or obtained a person.

In order to satisfy the first element, the government must prove that the defendant himself knowingly recruited, enticed, harbored, transported, provided or obtained a person.  In considering whether the defendant did any of these things, I instruct you to use the ordinary, everyday definitions of these terms.  "Recruit" means to seek the services of.  "Harbor" means to give or afford shelter or refuge to a person, either openly or secretly.  "Transport" means to transfer or convey from one place to another.  "Provide" means to supply or make available.  "Obtain" means to gain, acquire or attain.  "Entice" means to attract or lure using hope or desire.

The statute also requires the government to prove that the defendant acted knowingly.  So the government must prove that the defendant acted knowingly in engaging in the trafficking activity.

A person acts knowingly if he acts voluntarily and intentionally, not because of mistake, accident or other innocent reason.  A person acts intentionally if he acts with the specific intent to do something the law forbids.  The person need not be aware of the specific law or rule that his conduct may be violating.  But he must act with the specific intent to do something the law forbids.

## REQUEST NO. 5

### Sex Trafficking – First Element - Unanimity Not Required

(Deleted)

<u>REQUEST NO. 6</u>

<u>Sex Trafficking – Second Element: Interstate Commerce</u>

The sex trafficking statute requires that the trafficking activity by the defendant must be "in or affecting interstate commerce."  I instruct you that acts and transactions which cross state lines, or which are economic in nature and affect the flow of money in the stream of commerce to any degree, are acts and transactions in or affecting interstate commerce.  It is not necessary for the government to prove that the defendant knew or intended that his or her conduct would affect interstate commerce; it is only necessary that the natural consequences of the conduct would affect commerce in some way.

So if the government proves beyond a reasonable doubt that any of the acts of recruiting, enticing, harboring, transporting, providing or obtaining persons occurred across state lines or affecting the flow of money or commerce, you may find that the interstate commerce requirement has been satisfied.

<u>REQUEST NO. 7</u>

<u>Sex Trafficking – Element Three: Force, Fraud or Coercion</u>

For the purpose of this requirement, force is defined as any form of violence, compulsion or constraint exercised upon another person in any degree.  Fraud is defined as any act of deception or misrepresentation.

Coercion is defined as threats of serious harm to or physical restraint against any person, or any scheme, plan, or pattern intended to cause a person to believe that failure to perform an act would result in serious harm to or physical restraint against any person. The term "serious harm" as used in this statute includes both physical and non-physical types of harm.  Therefore a threat of serious harm need not involve any threat of physical violence. However, the threats must be improper, and must involve more than warnings of adverse but legitimate consequences.  Serious harm must involve consequences that are sufficient, under all the surrounding circumstances, to compel or coerce the victim into engaging in a commercial sex act that the victim would not otherwise have willingly engaged in.  In considering whether a threat of harm is sufficient to compel or coerce the victim's services, you may consider the totality of the defendant's conduct, as well as any aspects of the victim's age, background, or circumstances that were known to the defendant and that made the victim especially vulnerable to pressure.

"Physical Restraint" means confinement by force and against the will of the victim.

Sex Trafficking - Element Three: Commercial Sex Act

Finally, the government must prove that the trafficking activity was undertaken for the purpose of causing a person to engage in a commercial sex act. A commercial sex act is defined as "any sex act, on account of which anything of value is given to or received by any person." The thing of value may be money, or it may be any other tangible or intangible thing of value. That thing of value may be given to or received by any person, regardless of whether the person who receives the thing of value is the person performing the commercial sex act.

For purposes of this element, a "sex act" must involve:

(A) contact between the penis and the vulva or the penis and the anus, and for the purposes of this subparagraph contact involving the penis occurs upon penetration, however, slight;

(B) contact between the mouth and the penis, the mouth and the vulva, or the mouth and the anus;

(C) the penetration, however slight, of the anal or genital opening of another by a hand or finger or by any object, with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person; or

(D) the intentional touching, not through the clothing, of the genitalia of another person who has not attained the age of 16 years with an intent to abuse, humiliate, harass, degrade, or arouse or gratify the sexual desire of any person.

18 U.S.C. 2246 (2).

Aiding and Abetting

In considering each count of the Indictment, you are instructed that the defendant may be found guilty of the crimes charged, even if the defendant personally did not commit the act or acts constituting the crime, if the defendant aided and abetted its commission.

The federal aiding and abetting statute, Section 2 of Title 18 of the United States Code, provides that:

>Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.

>Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

This means that if you find that the defendant knowingly and willfully aided and abetted another person in the commission of a crime, he is as guilty as if he personally committed it.

Before you can convict the defendant on the ground that he aided and abetted the commission of the crimes charged, you must first find that another person committed that crime. Obviously, no one can be convicted of aiding and abetting the criminal acts of another if no crime was committed by the other person in the first place. But if you do find that a crime was committed, then you must determine whether the defendant aided or abetted the commission of that crime.

In order for the defendant to be guilty of aiding and abetting, it is necessary that there be more than mere presence at the scene of the occurrence or knowledge that a crime is

being committed and acquiescence in the crime itself.  A defendant must have willfully associated himself in some way with the criminal venture and must have willfully participated in it as something he wanted to bring about.  That is, a defendant must willfully seek by some act to make the criminal venture succeed.  A person acts willfully if he participates voluntarily and intentionally; that is, with a bad purpose to do something the law forbids.

Mere presence or relationship to the person who actually committed the crime, even coupled with knowledge that a crime was committed, is not enough.

<u>REQUEST NO. 10</u>

<u>Count Two: Forced Labor — Elements</u>

Count Two of the Indictment charges the defendant with forced labor in violation of 18 U.S.C. § 1589.  The relevant language of Section 1589 provides that:

> Whoever knowingly obtains the labor or services of another person——
>
> (1)      by threats of serious harm to, or physical restraint against, that person or another person; [or]
>
> (2)      by means of any scheme, plan, or pattern intended to cause the person to believe that, if the person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint [shall be guilty of an offense against the United States.]

To find a defendant guilty of forced labor, you must find that the government has proven each of the following elements beyond a reasonable doubt:

<u>First</u>, that the defendant obtained the labor or services of another person;

<u>Second</u>, that the defendant did so through one of the following prohibited means: (a) through threats of serious harm to, or physical restraint against, the person or any other person; or (b) through a scheme, plan or pattern intended to cause the person to believe that non-performance would result in serious harm to, or physical restraint against, that person or any other person; and

<u>Third</u>, that the defendant acted knowingly.

<u>REQUEST NO. 11</u>

<u>Forced Labor - First Element: Obtaining Labor or Services</u>

In considering the first element, you must decide whether the defendant obtained the labor or services of another person, in this case, Jane Doe.  I instruct you that, in considering this element, the word "obtain" is to be given its ordinary meaning.  As I previously instructed you, "obtain" means to gain, acquire or attain.  If you find that the government has proven that the defendant obtained the labor or services of another person, then the first element has been satisfied.

Forced Labor - Second Element: Prohibited Means
of Obtaining Labor or Services

If you find that the defendant obtained the labor or services of Jane Doe, then you must determine whether the defendant did so through one of the two prohibited means, that is, either through threats of serious harm to, or physical restraint against, a person, <u>or</u> through a scheme, plan or pattern intended to cause the person to believe that serious harm would result if she did not perform the labor or services required of her. In order to find that the second element has been satisfied, you must find beyond a reasonable doubt that one of the prohibited means I just mentioned was used to obtain Jane Doe's labor or services.

I now want to define for you some of the terms you will be considering in determining whether this second element of Count Two has been satisfied.

The term "serious harm" has already been defined for you.

The words "scheme," "plan," and "pattern" are to be given their ordinary meanings. A "scheme" is a plan or program of action, especially a crafty or secret one. A "plan" is a method for achieving an end or a detailed formulation of a program of action. A "pattern" is a form or model proposed for imitation or a discernible coherent system based on the intended interrelationship of component parts.

A few final things about this second element of the offense of forced labor:

To prove forced labor, the government does not need to link each of the threats allegedly made or actions allegedly taken against Jane Doe to particular labor tasks performed by her. If Jane Doe was threatened with or suffered serious harm or physical restraint in connection with the services she purportedly rendered, either as punishment or as part of a climate of fear

that overcame her will and compelled her service, that is sufficient to establish the second element of the offense of forced labor.

Finally, in considering whether service performed by someone was involuntary, you are instructed that it is not a defense to the crime of forced labor that the person may have initially agreed, voluntarily, to render the service or perform the work. If a person willingly begins work, but later desires to withdraw, and is then forced to remain and perform work against her will by threats of serious harm or physical restraint, or by a scheme, plan or pattern, intended to cause her to believe that non-performance will result in serious harm or physical restraint to her or another person, then her service becomes involuntary. Also, whether a person is paid a salary or a wage is not determinative of the question of whether that person has been held in forced labor. In other words, if a person is compelled to labor against her will by any one of the means prohibited by the forced labor statute, such service is involuntary even if she is paid or compensated for the work.

<u>REQUEST NO. 13</u>

<u>Forced Labor - Third Element: Knowing Conduct</u>

With regard to the third element, the government must prove that a defendant acted knowingly, a concept that I have already explained to you.

<u>REQUEST NO. 14</u>

<u>Count Three: Trafficking into Forced Labor - Elements</u>

Count Three of the Indictment alleges that the defendant trafficked the victim into forced labor, in violation of 18 U.S.C. § 1590.

The relevant portion of Section 1590 provides that:

Whoever knowingly recruits, harbors, transports, provides or obtains by any means, any person for labor or services in violation of this chapter [shall be guilty of an offense against the United States].

To find a defendant guilty of trafficking under Section 1590, you must find that the government has proven each of the following elements beyond a reasonable doubt:

<u>First</u>, that the defendant recruited, harbored, transported, provided or obtained, by any means, a person for labor or services;

<u>Second</u>, that such labor or services were obtained or maintained in violation of the forced labor statute we discussed a moment ago in connection with Count Two; and

<u>Third</u>, that the defendant acted knowingly.

<u>REQUEST NO. 15</u>

<u>Trafficking into Forced Labor - First Element: Prohibited Conduct</u>

In considering whether a defendant recruited, harbored, transported, provided or obtained a person for labor or services, you are to give the words recruit, harbor, transport, provide or obtain their ordinary, everyday meaning.

As I previously instructed you, "recruit" means to seek the services of a person; "harbor" means to give or afford shelter or refuge to a person, either openly or secretly; "transport" means to transfer or convey from one place to another; "provide" means to supply or make available; and "obtain" means to gain, acquire, or attain.

<u>REQUEST NO. 16</u>

<u>Trafficking into Forced Labor - Second Element:</u>
<u>For the Purpose of Obtaining Forced Labor</u>

If you find that a defendant recruited, harbored, transported, provided or obtained a person for labor or services, you must then consider whether that was done for the purpose of obtaining forced labor.  In considering this element, you should use the definition of forced labor that I explained to you earlier.

In considering this element, it is not necessary for you to conclude that the victim was actually held in a condition of forced labor.  It is sufficient to find that the defendant engaged in an act of recruiting, harboring, transporting, providing or obtaining a person, and that the defendant intended for that person to be held in a condition of forced labor.

<u>REQUEST NO. 17</u>

<u>Trafficking into Forced Labor - Third Element: Knowing Conduct</u>

The final element of the trafficking into forced labor offense is that the defendant acted knowingly. I remind you that knowingly means voluntarily and intentionally, and not because of mistake, accident or other innocent reason.

## REQUEST NO. 18

### Counts One, Two and Three - Attempt

(Deleted)

<u>REQUEST NO. 19</u>

<u>Count Four: Transportation of Obscene Matters - Elements</u>

Count Four of the Indictment alleges that the defendant transported obscene matters, in violation of 18 U.S.C. § 1462(a).

The relevant portion of Section 1462(a) provides that:

> Whoever . . . knowingly uses any . . . interactive computer service . . . for carriage in interstate or foreign commerce . . . any obscene . . . matter [shall be guilty of an offense against the United States.]

In order to sustain its burden of proof for the crime of transporting obscene matters as charged in Count Four, the government must prove the following three elements beyond a reasonable doubt:

<u>First</u>, that the defendant knowingly used or caused to be used an interactive computer service to carry the matter charged in the Indictment in interstate or foreign commerce;

<u>Second</u>, that the defendant knew, at the time of such use, the general contents, nature, and character of the material; and

<u>Third</u>, that the matters were obscene.

<u>REQUEST NO. 20</u>

<u>Transportation of Obscene Matters - First Element:</u>
<u>Use of Interactive Computer Service</u>

The first element of Count Four is that the defendant knowingly used or caused to be used an "interactive computer service" to carry the matter charged in the Indictment in "interstate or foreign commerce".

The term "interactive computer service" means any information service, system, or access software provider that provides or enables computer access by multiple users to a computer server, including specifically a service or system that provides access to the Internet and such systems operated or services offered by libraries or educational institutions.

The term "interstate or foreign commerce" means the movement of property from one state to another state or from one state to another country. The term "State" includes a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States.

## REQUEST NO. 21

### Transportation of Obscene Matters - Second Element: Knowledge

The second element of the transportation of obscene matters is that the defendant acted knowingly with respect to the sexually oriented nature and content of the materials. I remind you that knowingly means voluntarily and intentionally, and not because of mistake, accident or other innocent reason.

Although the government must prove that the defendant was aware of the general contents nature and character of the material, the government does not have to prove that the defendant knew the materials were legally obscene.

REQUEST NO. 22

Obscene Material

The final element which the government must prove beyond a reasonable doubt is that the material charged in the indictment was obscene.

What is meant by obscene, lewd and lascivious, and what standard do you apply in deciding whether the book (*or* magazine *or* photograph *or* film) is of that character?

The words "obscene, lewd and lascivious," as used in the law, signify that material which, taken as a whole, the average person, applying present-day community standards, would find appeals to prurient interests; that is depicts or describes, in a patently offensive way, sexual conduct; and that a reasonable person would find that it lacks serious literary, artistic, political or scientific value.

Let me explain each of these definitions in more detail. The words "taken as a whole" mean that in determining whether the work at issue is obscene, it must be judged in its entirety. You are not to consider detached or separate portions in reaching a conclusion about whether the work is obscene. It is your task to determine whether, taken as a whole, it is obscene.

Similarly, you are to judge the work according to the standards of the average person in the present-day community. It is not your role to judge the work by your own personal standards [or by the standard of any particular class of people]. In this regard, you should take into account the community as a whole, the sensitive and insensitive, the educated and uneducated, the religious and non-observant, men and women from all walks of life in the community in which you live (*or* in the community in which you find the materials were intended to be distributed). Also bear in mind that the law accepts the fact that the mores or the customs and

convictions of people are not static.  What is an acceptable code of morals or conduct today might well have been frowned upon in the past.  Therefore, in reaching a conclusion as to whether or not material is obscene, you are to judge it by present-day standards of the community, or, for want of a better expression, by what may be termed the contemporary common conscience of the community.

Before you may judge the material in question obscene, you must find each of the following requirements: First, you must conclude that the work appeals to the prurient interest of those whom it is likely to reach.  Prurient interest is a shameful or morbid interest in sex or nudity.  The claim is also made here that some of the materials were designed for and primarily disseminated to a clearly defined or deviant sexual group rather than the public at large.  If you conclude that the members of a particular sexual group were the intended and probable recipients of these materials the question is whether it appeals to the prurient sexual interests of the members of that group.

The second component of obscenity you must find, in accordance with the standards I have set forth, is that the work depicts or describes, in a patently offensive way, sexual conduct. The Supreme Court of the United States has given the following examples of materials which may satisfy this requirement: (a) patently offensive representations or descriptions of ultimate sexual acts, normal or perverted, actual or simulated; (b) patently offensive representations or descriptions of masturbation, excretory functions, and lewd exhibition of the genitals.  In short, before you may find the material in question to be obscene, you must determine that, taken as a whole, they constitute such examples of 'hard core' sexual conduct.

The third component of obscenity is that the work in question lacks serious literary,

artistic, political or scientific value.  This requirement finds its root in the First Amendment of the United States Constitution, which protects freedom of expression as a fundamental right in our society.  Thus, the law does not condemn the portrayal of sexual conduct if, taken as a whole, a reasonable person would find that the work has serious social value.  However, the constitutional right of freedom of expression does not extend to a work which depicts 'hard core' sexual conduct, such as the examples given above, when the work, taken as a whole, lacks serious literary, artistic, political or scientific value.  In other words, the First Amendment does not protect what you find to be obscene in accordance with these instructions.

To reiterate, in order to find this third element has been satisfied, you must find, in accordance with present day community standards, that the work, taken as a whole, appeals to the prurient interests; that the work, taken as a whole, depicts or describes, in a patently offensive way, sexual conduct; and that a reasonable person would find that the work, taken as a whole, lacks serious literary, artistic, political or scientific value.[1]

---

[1] Adopted from Sand, Siffert, and Loughlin, <u>Modern Federal Jury Instructions</u>, 45-5.

## CONCLUSION

The defendant respectfully requests that the Court include the foregoing in its instructions to the jury. In addition, the defendant requests the opportunity to submit further instructions or amend those submitted as appropriate.

Dated: New York, New York
      October 18, 2006

Respectfully submitted,

/S/

SERCARZ & RIOPELLE, LLP
Maurice H. Sercarz
Julia L. Gatto
152 W. 57th Street, 24th Floor
New York, New York 10019
(212) 586-4900