UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
                                                                    :  05 CR 457 (ARR)
UNITED STATES OF AMERICA,                                           :
                                                                    :  NOT FOR PRINT OR
             -against-                                              :  ELECTRONIC
                                                                    :  PUBLICATION
GLENN MARCUS,                                                       :
                                                                    :  OPINION AND ORDER
                           Defendant.                               :
                                                                    :
------------------------------------------------------------------- X

ROSS, United States District Judge:

The court received a letter dated February 5, 2007 from a defense witness, who will be referred to as "Jane Doe" for the purposes of this order, requesting that the court issue a gag order prohibiting the media from publishing her name, address, and employment. Jane Doe alleges that she is likely to suffer harassment from the media and others and adverse consequences, such as loss of employment, based on conduct about which she will testify at trial. Jane Doe further alleges that her interests will not be adequately protected by allowing her testify under her first name or a pseudonym and limiting cross-examination as to her home address and current place of employment, which are the limited accommodations the court has granted to the government's witnesses upon a showing of good cause. (See 1/31/07 Order.)

Having considered the various interests at stake, the court denies Jane Doe's request for a gag order. As the court's order of January 31, 2007 emphasized, there is a "heavy presumption" against the validity of a prior restraint of the type proposed by Ms. Doe. (See 1/31/07 Order (citing Nebraska Press Ass'n v. Stuart, 427 U.S. 539, 559-60 (1976) and In Re Application of Dow Jones & Co., Inc., 842 F.2d 603, 608 (2d Cir. 1988).) The court sympathizes with the

1

potential negative impact on Ms. Doe's employment should her identity be revealed publically and the possibility that the types of accommodations the court has granted the government's witnesses may not be fully effective. However, given the limited circumstances in which prior restraints on the press have been allowed, the court finds that Ms. Doe has failed to overcome the presumption against their application.

Accordingly, the court denies Ms. Doe's application for a gag order preventing the press from revealing her identity, home address and place of employment. Should Ms. Doe wish to request accommodations similar to those that have been granted to the government's witnesses, she should first discuss the issue with the attorneys for the government and defendant to see if an agreement can be reached. Otherwise, she may return to the court with an alternative proposal for reasonable limitations on the revelation of her identity in court and limitations on cross-examination.

SO ORDERED.

Allyne R. Ross
United States District Judge

Dated: February 6, 2007
Brooklyn, New York

SERVICE LIST:

*Attorney for Jane Doe*
[Name and address withheld]

*Attorney for the United States*
Pamela Ki Mai Chen
United States Attorney
Eastern District of New York
147 Pierrepont Street
Brooklyn, NY 11201

*Attorney for the Defendant*
Maurice H. Sercarz
Sercarz & Riopelle
152 West 57th Street
24th Floor
New York, NY 10019