

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

F.#2004R00772

*One Pierrepont Plaza*
*Brooklyn, New York  11201*

*Mailing Address:*  147 Pierrepont Street
*Brooklyn, New York  11201*

May 9, 2007

<u>Via Facsimile and ECF</u>
The Honorable Allyne R. Ross
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York  11201

> Re:  United States v. Glenn Marcus
>      <u>Criminal Docket No. 05-0457 (ARR)</u>

Dear Judge Ross:

      The government respectfully submits this response on one issue raised in Glenn Marcus's April 27, 2007, reply to the government's opposition to his Rule 29 and Rule 33 motions.

      In his reply, Marcus cites the Supreme Court's decision in <u>United States v. Kozminski</u>, 487 U.S. 931 (1988) in support of his argument that the forced labor and sex trafficking statutes, 18 U.S.C. §§ 1589 and 1591, respectively, applied in this case should be read narrowly.  Marcus argues:

> [T]he Supreme Court [in <u>Kozminski</u>] recognized
> that the broad definition of "involuntary
> servitude" applied by the district court
> brought within its ambit conduct which --
> while not "innocent" -- went beyond the scope
> of conduct which the statute was designed to
> proscribe.  The same is true in this case.

      However, Marcus's reliance on <u>Kozminski</u> is misplaced. Congress passed the Trafficking Victims Protection Act ("TVPA"), which includes 18 U.S.C. §§ 1589 and 1591, to counteract the Supreme Court's narrow interpretation of the existing involuntary servitude statute in <u>Kozminski</u>.  <u>See</u> 146 Cong. Rec. H8855-02, 2000 WL 1476449 at Sec. 102(b)(13) (noting <u>Kozminski</u>'s narrow interpretation of the involuntary servitude statute as a reason

for the TVPA's passage); <u>United States v. Bradley</u>, 390 F.3d 145, 150 (1st Cir. 2004) ("section 1589 was intended expressly to counter [<u>Kozminski</u>]"); <u>Zavala v. Wal-Mart Stores, Inc.</u>, 393 F. Supp.2d 295, 335 n. 31 (D.N.J. 2005) (noting that, in response to <u>Kozminski</u>, TVPA extended the reach of the servitude statutes to conduct that "amounts to psychological coercion"). As the court in <u>Zavala</u> explained, "the [TVPA] added 18 U.S.C. § 1589 to the involuntary servitude provisions, making it a crime for anyone to obtain the labor of another 'by means of any scheme . . . intended to cause the person to believe that, if the person did not perform such labor or services, that person or another person would suffer serious harm or physical restraint.'" 393 F.Supp.2d at 335 n. 31. In other words, the TVPA sought to expand the definition of coercion such that if a defendant created a "climate of fear," as the jury found here, that conduct could constitute a violation of Section 1589. <u>Id</u>. ("By reaching the intent to cause a particular subjective belief in the victim, section 1589 may be based on conduct that amounts to psychological coercion, a proposition that the [Supreme] Court had rejected in <u>Kozminski</u>."). Thus, Marcus's reliance on <u>Kozminski</u> for the proposition that Sections 1589 and 1591 should be read narrowly is misplaced, given that the case involved a different, pre-TVPA statute, 18 U.S.C. § 1584, and given that Congress enacted the TVPA, in part, to counteract the Supreme Court's narrow application of the earlier involuntary servitude statute and to expand the reach of the forced labor laws.

          Respectfully submitted,

          ROSLYNN R. MAUSKOPF
          United States Attorney

By: _____
    Pamela K. Chen
    Assistant U.S. Attorney
    (718) 254-7575

cc:  Maurice H. Sercarz, Esq.
    Clerk of the Court (ARR) (via ECF)